UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

ROBERT HAYES,

    Petitioner,

v.

J.C. HOLLAND,

    Respondent.

Civil Action No. 11-33-HRW

**MEMORANDUM OPINION
AND ORDER**

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Robert Hayes is an inmate incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Hayes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition[1], the Court will deny relief because Hayes's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

In his petition, Hayes indicates that in 1991 he was found guilty by a jury sitting in Jefferson County, Kentucky, of reckless homicide. *Commonwealth v.*

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

*Hayes*, No. 90-CR-2097. However, the Kentucky Supreme Court vacated his conviction and ordered a new trial. While out on bond awaiting retrial, Hayes committed multiple drug trafficking offenses. *Commonwealth v. Hayes*, No. 92-CR-3261.

On July 14, 1994, by agreement with the Commonwealth, Hayes pleaded guilty in open court to Reckless Homicide in No. 90-CR-2097 and to Criminal Syndication/Engaging in Organized Crime and to four counts of Trafficking in a Controlled Substance (Cocaine) in No. 92-CR-3261. On the same date, Hayes pleaded guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 31 (1970) to a fifth count of Trafficking in a Controlled Substance.[2] Both cases were consolidated for sentencing, and on December 1, 1994, the Jefferson Circuit Court sentenced Hayes to five years imprisonment for the reckless homicide; ten years imprisonment for engaging in organized crime; ten years imprisonment on each of the five drug trafficking charges, with all terms running concurrently with each other, resulting in a cumulative term of ten years imprisonment. [R. 2-1 Exh. A at 2-3]

On February 17, 1999, a federal grand jury indicted Hayes and nine others for running a large operation smuggling cocaine and marijuana from Texas to Louisville.

---

[2] In his petition, Hayes indicates that his guilty plea was entered pursuant to *Alford* with respect to all counts. [R. 2 at 3] The Jefferson Circuit Court's Judgment of Conviction, however, makes clear that his *Alford* plea applied only to one count of Trafficking in a Controlled Substance. [R. 2-1 Exh. A at 1]

*United States v. Black*, 40 F. App'x 882, 883-84 (6th Cir. 2002). On January 24, 2000, Hayes signed a written plea agreement in which he agreed to plead guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a); conspiracy to possess and distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841, 846(a)(1); and multiple counts of money laundering in violation of 18 U.S.C. § 1956 and 1957. Following a sentencing hearing on May 12, 2000, the trial court sentenced Hayes to a cumulative 235-month term of incarceration. In doing so, the trial court applied the "career offender" enhancement contained in U.S.S.G. § 4B1.1(a) in light of his prior state felonies. *United States v. Hayes*, No. 3:99-CR-26-01-S (W.D. Ky. 1999). On direct appeal, the Sixth Circuit squarely rejected Hayes's challenge to the appropriateness of his sentence and the validity of his guilty plea. *United States v. Hayes*, 9 F. App'x 365, 366 (6th Cir. 2001).

In his petition, Hayes argues that his prior state conviction for reckless homicide was not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a)(1) in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008). Hayes further argues that because he entered an *Alford* plea, the trial court was prevented from determining the factual predicates necessary to conclude that his prior state convictions qualified as either a "crime of violence" or "controlled substance offense."

Hayes may not challenge the enhancement of his sentence in this habeas

proceeding under Section 2241. Such claims must be pursued by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

The narrow "safety valve" provision found in Section 2255(e) permits a prisoner to challenge the legality of his conviction through a Section 2241 petition only where the remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The Sixth Circuit permits a prisoner to take advantage of this provision only where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Hayes's challenge to his sentence, as opposed to his conviction, does not fall within the reach of the savings clause. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001) (vacating habeas relief where petitioners "do not argue innocence but

instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum."); *United States v. Poole*, 531 F .3d 263, 267 n.7 (4th Cir. 2008) (federal courts "ha[ve] . . . not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009) ("Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed."). This Court has applied this rule to challenges to sentencing enhancements, an approach approved by the Sixth Circuit. *Cf. Johnson v. Cauley*, No. 09-52-HRW (E.D.Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (claim that sentencing court improperly enhanced conviction based upon prior state conviction is not cognizable under Section 2241). Accordingly, Hayes's claims may not be pursued in this habeas proceeding pursuant to 28 U.S.C. § 2241.

Accordingly, **IT IS ORDERED** that:

1.  Hayes's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2.  The Court will enter an appropriate judgment.

This the 4th day of May, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge